## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VICTOR RIVERA MERCADO** | **CIVIL NO.:** |
| PLAINTIFF | **FEDERAL TORTS CLAIM ACT** |
| V. | |
| **UNITED STATES OF AMERICA** | |
| DEFENDANT | |

### COMPLAINT

**TO THE HONORABLE COURT:**

Now comes Plaintiff **VICTOR RIVERA-MERCADO** (PLAINTIFF or RIVERA-MERCADO), by and through the undersigned counsel, very respectfully state, allege, and requests:

### I. INTRODUCTION

1. Plaintiff was wrongfully imprisoned by an additional 143 days by the Federal Bureau of Prisons (BOP) after serving his sentence.

2. Due to the circumstances, available information, and evidence that defendant United States was negligent in calculating the release date of the plaintiff and falsely imprisoned him causing damages and emotional distress.

### II. NATURE OF THE ACTION

3. This is a an action under the FTCA for compensatory damages brought by the plaintiff against the United States for the negligent actions and/or supervision of BOP's staff who, because of their negligence, carelessness, actions and omissions deprived plaintiff of rights and privileges secured and protected

by the Constitution and laws of the United States, namely the Constitutional right not to be deprived of liberty without due process of law.

4.     The plaintiff asserts that the BOP's conduct reflects a reckless or callous indifference to the plaintiffs' rights and their negligent omission of adequate supervision upon their subordinate agents in calculating his sentence and maintaining him in jail for a term longer than the term adjudged in his sentence.

5.     This complaint is also brought pursuant to the local general torts statute against the defendants, where applicable, for moral damages and the infliction of emotional distress.

6.     Plaintiff filed the required administrative claim with the Department of Justice (DOJ) and this Complaint is presented after a May 4, 2020 letter from the BOP offering a transaction and right to sue letter as stated by Law.

### III. JURISDICTION

7.     This Honorable Court has subject matter jurisdiction to allow this suit pursuant to 28 U.S.C. §§ 1331, 1343 and 1346. This action is pursuant to the Federal Tort Claims Act (28 U.S.C §2671 et seq.), as the district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States and in those actions where the United States is a part.

8.     Under the FTCA, 28 U.S.C §2671 et seq., the United States is liable for the negligent acts or omissions of its employees while acting within the scope of their employment, under circumstances in which a private person would be

liable pursuant to the law of the place where the acts or omissions occurred. 28 US.C. §§ 2674(b).

9.     The United States is the defendant in this action as the Department of Justice is part of the executive branch who controls the BOP.

10.     The FTCA permits actions against the United States for claims of "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution" that arise from the "acts or omissions of investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h); see *Solis-Alarcón v. United States*, 662 F.3d 577, 583 (1st Cir. 2011); *Abreu-Guzman v. Ford*, 241 F.3d 69, 75 (1st Cir. 2001).

11.     The United States, if a private person, would be liable to the plaintiff for the acts and omissions of its employees and agents described herein under the law of the place where said acts and omissions occurred, to wit, under common law tort claims for: 1) false imprisonment; 2) infliction of emotional distress; 3) negligent selection, supervision and retention of agents and employees; 4) false arrest; and 5) battery. Emotional and moral damages are the result of the previous circumstances that personally affected plaintiff.

12.     This Honorable Court has personal jurisdiction over this civil action under 28 U.S. Code § 1391(e)(1)(C) because the plaintiff resides within the jurisdiction of the United States District Court of Puerto Rico.

13.     Plaintiff further invokes the supplemental jurisdiction of this Court to hear and adjudicate claims arising under the laws of the Commonwealth of Puerto Rico (Articles 1802 and 1803 of the Civil Code, 32 L.P.R.A. §§ 5141 and

5142), since they are related to the federal claim that they all form part of the same case or controversy under Article III of the Constitution of the United States of America.

### IV. THE PARTIES

14.    Plaintiff Victor Rivera-Mercado is of legal age and resident of the United States of America and the Commonwealth of Puerto Rico.

15.    Defendant United States of America and the United States Department of Justice as well as the BOP were at all times the employer and supervisor of the departments and agents whom are involved in the present complaint. The unknown agents responsible for the negligence of extending the imprisonment of plaintiff Rivera-Mercado were at all times material to this complaint correctional agents of the BOP.

### V. FACTS

16.    On February 1, 2012, Rivera-Mercado was arrested by Florida state authorities for drug trafficking charges.  On May 24, 2013, he was sentenced in the Orange County Circuit Court of Orlando, Florida, to 85.2 months for drug trafficking, and other related crimes under Case Number 2012 CF 1433.  This sentence ordered that Rivera-Mercado was to receive 1 year and 114 days credit for time served.

17.    On September 10. 2014, a writ of habeas corpus *ad prosequendum* was issued in the United States District of Puerto Rico, requesting Rivera-Mercado's presence in federal court.  Mr. Rivera-Mercado was indicted at the

Federal District Court for the District of Puerto Rico under case _USA v. Rivera-Mercado_, 14-Cr-346-011 (FAB).

18.    On November 13, 2014, Rivera-Mercado was temporarily released to the U.S. Marshals Service pursuant to the federal writ.

19.    On July 1, 2015 Rivera-Mercado was sentenced in the United States District Court for the District of Puerto Rico to 63 months of imprisonment for conspiracy to possess with the intent to distribute narcotics.  This sentence was ordered to be served **concurrently with the sentence imposed** in Orange County, Florida in Case Number 2012 CF 1433.

20.    On August 28, 2018, Rivera-Mercado was released from the Florida Department of Corrections (Century Correctional Institution in Pensacola) to the U.S. Marshals Service based on the federal judgment.    Under correct calculations, Mr. Rivera-Mercado should have been released from the Florida prison's system, and he would have also finished his concurrency with the federal prison time.

21.    The U.S Marshalls moved Rivera-Mercado to Santa Rosa County prison for two weeks while waiting for a bigger bus to transfer him. From there he was transferred to Jacksonville; Rivera-Mercado stayed overnight at the detention facility there.

22.    From Jacksonville, Rivera-Mercado was transferred by the U.S. Marshalls to the U.S. Penitentiary in Atlanta for two weeks.  From Atlanta, Rivera-Mercado was moved to his final destination in Edgefield, South Carolina where he was eventually released.

23.    A sentence computation was incorrectly completed, commencing the 63-month federal sentence on the date Rivera-Mercado was released to exclusive federal custody, that being August 28, 2018.  Rivera-Mercado had received no prior custody credit, as all the time spent in custody had been credited toward the Florida State term.  His projected satisfaction date was incorrectly calculated by BOP as March 25, 2023.

24.    Once in federal prison, Mr. Rivera-Mercado requested his Sentencing Monitoring Computation Data sheet and to his surprise the projected release date was March 25, 2023.

25.    Upon learning this, Mr. Rivera-Mercado commenced a frantic effort to secure his release including the request of Administrative Remedy processes, e-mails, letters to the judge and others.  Mr. Rivera-Mercado's pleas with the BOP officers were blatantly ignored or outright reburied.

26.    On January 18, 2019, the BOP's Designation and Computation Center (DSCC) staff were contacted by Rivera-Mercado's family members requesting a review of Rivera-Mercado's sentence computation.  Upon review, it was discovered that the federal sentence had not been calculated as concurrent with the Florida state term.  The sentence computation was adjusted to commence on the date it was imposed, July 1, 2015, thereby affecting concurrent service of the state and federal terms.

27.    Upon review, Rivera-Mercado received prior custody credit from February 1, 2012, until the day before his state sentence commenced on May

23, 2013. At that time his projected satisfaction date was calculated to be October 6, 2018, and he was overdue for release from custody by 143 days.

28. On January 18, 2019 Mr. Rivera-Mercado was released from Federal Prison, 143 days after his sentenced had elapsed.

29. The BOP is solely responsible for the damages arising from this situation and Mr. Rivera-Mercado claims for any and all damages directly and indirectly arising from said situation.

30. Mr. Rivera-Mercado suffered mental anguish and physical pain from his illegal incarceration up to the point that he had to visit the psychiatrist and prison physician. His liberty was restricted illegally and Mr. Rivera-Mercado and his family suffered as a consequence.

31. During his federal imprisonment at Edgefield Rivera-Mercado had to fight against another inmate due to differences with a chair in the living room and he was battered and suffered a blow to his head. This was not reported to the Prison Facility in order to avoid retaliation from Prison Staff and/or other inmates.

32. From the extra lengthen imprisonment plaintiff had crying spells, was sad, depressed, was treated as a lunatic and he saw no way to get out of prison. He spent countless sleepless nights during this whole ordeal. For this, Rivera-Mercado visited the prison psychologist on two occasions.

## VI. CAUSES OF ACTION

### A. False Arrest and False Imprisonment

33. The paragraphs stated hereinbefore are incorporated by reference and are made part of this section.

34. Due to negligence of BOP and its staff plaintiff spent 143 additional days in prison.

35. A claim of false arrest and false imprisonment accrues when a person, whether or not a law enforcement officer, by himself or through another one unlawfully detains or causes the unlawful detention of another person. False arrest and false imprisonment claims share identical elements.

36. Here, the United States namely the BOP staff, had no legal authority to retain Rivera-Mercado after October 6, 2018 and plaintiff's pleas for release were willfully ignored and he remained unlawfully detained for a substantial period in excess of his sentence.

### B. Negligence and Negligent Supervision

37. The United States has a duty to use reasonable care in ensuring that the sentence calculations and release dates are properly made. The BOP is supposed to release prisoners promptly once their sentence is completed. The negligence of failing to properly calculate the sentence kept plaintiff in prison without legal authority.

38. A government employee is negligent when he or she "fails to use reasonable care." In answering this question Courts ask what a "reasonably prudent person" would do in a similar situation. A reasonably prudent employee

would have been competent in properly calculating plaintiff's release date from prison.

39.   BOP staff were negligently supervised and/or trained by their respective employers, namely the Department of Justice, the Executive Branch and the United States.

40.   The United States, if a private person, is liable to the plaintiff for the acts and omissions of its employees and agents in calculating his sentence and unlawfully detaining him for a period of 143 days in excess of his sentence.

41.   If BOP staff had been properly trained this negligence and subsequent damages suffered by plaintiff would have not happened.

42.   BOP staff were also negligent as they failed for a substantial period of time (143 days) to exercise due care in order to properly review and calculate plaintiff's sentence and promptly release him.

### C. Intentional Infliction of Emotional Distress

43.   Because there is limited authority in Puerto Rico concerning the elements of the tort of intentional infliction of emotional harm, one must look to other jurisdictions.  See _Camacho v. United States_, No. 04-1816 (HL), 2005 U.S. Dist. LEXIS 24165, at *22 (D.P.R. May 24, 2005).

44.   The tort of intentional infliction of emotional harm exists when "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." Restatement (Second) of Torts § 46 (1965). See _Thorpe v. Mutual of Omaha Ins. Co._, 984 F.2d 541, 545 (1st Cir. 1993)

(conduct must be "extreme and outrageous," "beyond all possible bounds of decency," and "utterly intolerable in a civilized community").

45.    Plaintiff was held for 143 additional days after his appropriate release date.  If a couple of days had passed after the wrongful action it would permit room for error, but defendants crossed their arms and acted recklessly in not diligently calculating and reviewing plaintiff's sentence.

46.    BOP's negligence, combined with the amount of time elapsed is outrageous and is intolerable in a civilized community where there is a finality of judgments and punishment.  This created damages on plaintiff for which the United States is solely responsible.

### D. Damages

47.    Defendant United States is responsible for the damages suffered by plaintiff for wrongfully calculating his sentence and for keeping him in prison longer than was lawfully allowed.

48.    Plaintiff in a false imprisonment action should receive compensation for mental suffering, humiliation, and analogous moral damages and for the value of the time lost, for the inconveniences and physical discomfort suffered, and for any adverse effect to his health. Moral damages are those inflicted on the beliefs, feelings, dignity, social esteem, or physical or mental health of the injured party.  See _Berg v. San Juan Marriott Hotel & Stellaris Casino_, 261 F. Supp. 3d 213, 215 (D.P.R. 2016).

49.    During his additional unlawful imprisonment plaintiff suffered moral damages, as his health, welfare, and happiness were affected.  He was

humiliated by his continuous requests for release, continued imprisonment and the indignity to having to undress himself before BOP officers so that he would be searched and he had to explain to his family that he was still in prison when they were already expecting his release.

50.    The 143-day odyssey to gain plaintiff's liberty was mentally agonizing as nobody in prison or in the BOP system could solve his problem, further deteriorating his mental state until a family member externally contacted BOP to secure his release.

51.    Defendants' actions caused severe mental and emotional suffering in plaintiff.  All of this caused him sleepless nights, emotional trauma, loss of happiness, and loss of the capacity to enjoy life.

52.    Defendant claims pecuniary or economic damages as he lost 143 days of his life in which he could have been working and enjoying his life as a free citizen.  Lost wages and a null earning capacity during that period are claimed against defendants.

53.    These situations greatly strained plaintiff's mental balance and relationship with his family.

## VII. PRAYER FOR RELIEF

54.    Plaintiff request an award for his physical, emotional pain and suffering of no less than $500,000.00.

55.    Pecuniary damages of $10,000.00 for the time that defendant was not able to work or find work.

56.    Imposing upon the Defendants the payment of all costs and expenses incurred in this lawsuit and reasonable attorneys' fees.

57.    Granting the Plaintiff any other relief that he may be entitled to as a matter of law, justice, equitable remedy or right.

**WHEREFORE**, it is respectfully requested from this Honorable Court that Judgment be entered against defendant United States in the amount of at least $500,000.00 and that it **GRANTS** the present complaint.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico on this 24th day of August, 2020.

**I HEREBY CERTIFY** that a true and exact copy of the foregoing document was on this same date filed through the Court's ECF/ECM system which will automatically serve copy of the document to all interested parties in this case.

**/s/ LUIS RAFAEL RIVERA**
**USDC-PR 129411**
Email: luiswichyrivera@hotmail.com

**/s/ ALLAN AMIR RIVERA FERNÁNDEZ**
**USDC-PR 301904**
CAPITAL CENTER BLDG.
SUITE 401
239 ARTERIAL HOSTOS AVENUE
SAN JUAN, PUERTO RICO 00918
PHONE: (787) 763-1780
FAX: (787) 763-2145
Email: allan.a.riverafernandez@gmail.com